BOSSAK et al. v. SIFF et al.

(Supreme Court, Appellate Division, Second Department.   November 24, 1911.)

BANKRUPTCY (§ 387*)—COMPOSITIONS WITH CREDITORS—TRUSTEES—PERSONAL LIABILITY.

> The trustee under a composition agreement is not personally liable to a creditor for the difference between the dividend received and the greater dividend which the trustee assured the creditor he would receive; such assurance being merely an expression of opinion that the greater dividend could be realized.

> [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by David Bossak and others against Ephraim Siff and another.  Judgment for plaintiffs, and defendant Siff appeals.  Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, CARR, WOODWARD, and RICH, JJ.

Joseph Sapinsky (Alvin T. Sapinsky, on the brief), for appellant.
Isidore Weckstein, for respondents.

WOODWARD, J.   One Velleman was indebted to the plaintiffs and defendant, and a proceeding in bankruptcy had been instituted against him.   The creditors, or a committee of the creditors, procured an inventory of Velleman's property to be taken, and negotiations were entered into looking to the discontinuance of the bankruptcy proceedings, and this was subsequently accomplished; the defendant Siff taking over the property.   The plaintiffs allege in this action that the defendant took the property, under the composition agreement, and agreed to pay them 35 cents on a dollar for their claims.   The business does not appear to have produced a sum sufficient for this purpose, and the plaintiffs seek to hold the defendant personally responsible for the amount, refusing to accept a dividend of 28 per cent., which the defendant appears to have been willing to distribute.

It clearly appears from the evidence that the defendant was merely the trustee of the creditors under the provisions of the composition agreement, and that the property was turned over to him for the purpose of realizing 35 per cent. for the creditors, who severally agreed to release Velleman upon receipt of this portion of their several claims. It is impossible to spell out from the testimony any reasonable ground for holding the defendant liable to the plaintiffs in this action, other than in his capacity of trustee.   It is true that there is testimony that the defendant said he "would pay 35 per cent." on the claims; but it was all said in connection with the negotiations between creditors for the purpose of preventing bankruptcy and realizing the most possible from the property of Velleman, and it amounted to no more than the expression of an opinion that the business could be carried on by the creditors, through a trustee, in such a manner as to realize 35 per cent., upon the payment of which Velleman was to be released from his

obligations. To take advantage of one creditor, acting as trustee for the benefit of all of the creditors, and compel him to pay to a few creditors an amount in excess of the just proportion of each of the creditors out of the fund available for the payment of debts, is so unjust on its face that it will not be permitted, in the absence of a clear and distinct obligation, and none such is shown here. The language of the defendant, as testified to for the plaintiffs, does not indicate any intention on the part of the defendant to do more than to try to get enough out of the goods of Velleman to pay 35 per cent. on the indebtedness, and the learned trial court erred in submitting the case to the jury.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.